

# THE ATTORNEY GENERAL
## OF TEXAS

Ger.ld C. Mann                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXXX
    ATTORNEY GENERAL

Hon. George H. Sheppard          Opinion No. O-2304
Comptroller of Public            Re: An individual who owns tank
  Accounts                       cars in which he transports his
Austin, Texas                    own gasoline and who does not
                                 lease, rent or charge mileage for
                                 said cars is not required to make
                                 the reports or pay the occupation
Dear Sir:                        tax under Art. 7062.

        This is an answer to your request for an opinion in
which you say:

        "An individual, residing without this State,
owns a certain number of railroad tank cars. He
loads them with gasoline at Sweetwater, Texas,
for delivery to a certain oil company in Fort Worth,
Texas, and pays the freight himself, at Fort Worth.
He receives the benefit of the mileage allowance
under regularly published tariff authorized by or-
ders of the Interstate Commerce Commission.

        "Is this individual required to make reports
and pay the gross receipts tax under Article 7062,
R.C.S.?"

        In a second letter on this question you gave us ad-
ditional facts as follows:

        "The owner of a tank car loads said car at
Sweetwater, Texas with gasoline and makes out a bill
of lading on same for delivery to himself at Fort
Worth, Texas, the Texas and Pacific Railway Company
moving said car as per bill of lading. The Texas
and Pacific Railway Company then presents freight
bill at the destination under the rates and terms of
regularly published tariffs of the Interstate Com-
merce Commission.

        "At regular intervals, the Texas and Pacific
Railway Company, under regularly published tariffs
of the Interstate Commerce Commission, pays to the
owner of said tank car the equivalent of 1½¢ a mile
for each mile which said car traveled loaded on
lines of said railway."

As we interpret the facts, these tank cars are used to transport only the owner's property. The owner loads the car at Sweetwater and the railroad company moves the loaded car to Fort Worth, where the owner pays the freight on the load at the same rate as if the property had been transported in the railway company's own car. At regular intervals the railway company pays the owner of these cars 1½¢ a mile for each mile it was used, that is, traveled, while loaded.

The answer to your question must be determined by the construction to be placed on Article 7062 of the Revised Civil Statutes, which reads as follows:

> "Each individual, company, corporation or association, residing without this State, or incorporated under the laws of any other State or territory, or nation, and owning stock cars, refrigerator and fruit cars of any kind, tank cars of any kind, coal cars of any kind, furniture cars or common box cars and flat cars, and leasing, renting or charging mileage for the use of such cars within the State of Texas, shall make quarterly, on the first days of January, April, July and October of each year, and report to the Comptroller under oath of the individual or of the president, treasurer or superintendent of such company, corporation or assocation, showing the amount of gross receipts from such rentals, or mileage, or from other sources of revenue received from business done within this State, during the quarter next preceding. Said individuals, companies and corporations, and associations, at the time of making said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date equal to three per cent of said gross receipts as shown by said report." (Underscoring ours)

It will be noticed that the part of the statute with which we are concerned says that "each individual ... owning ... tank cars of any kind ... and leasing, renting or charging mileage for the use of such cars within the State of Texas" shall make the required reports and pay the prescribed occupation tax. Under the facts that you have given us the individual owns tank cars. But, is he engaged in "leasing, renting or charging mileage for the use of such cars"? We think the answer is "No".

It is true that the owner of the cars is paid a sum of money by the railway company that transports the cars at a rate of so much per mile while loaded; but, we do not believe this is an arrangement by which it can be considered that the owner is leasing or renting the cars to the railway company. Nor do we consider that the owner is charging mileage for the use of the cars. What it amounts to is this: The individual in question furnishes his own cars to haul his own property, and, of course, he is entitled to pay a less transportation charge to the railway than he would be if the railway furnished the cars; and instead of paying a smaller freight rate, the individual in this case pays the same rate that he would pay if the railway furnished the cars and the railway in turn hands him back 1½¢ per mile.

If the railway was allowed to haul other people's merchandise in this car-owner's cars, and said car-owner was paid 1½¢ per mile by the railway for so using the cars that would constitute "leasing, renting or charging mileage for the use of such cars"; but, we understand that these cars are used only to haul the car-owner's property.

This statute was apparently intended to apply to car owners who leased and rented their cars to others or turned their cars over to other persons and charged mileage therefor, for such other persons to haul their (said other person's) merchandise or haul merchandise for hire as a common carrier. We do not believe it was intended by the legislature that this statute apply to cars used exclusively for hauling the car-owner's own property.

Our answer to your question is that under the facts that you give, the individual you ask about is not required to make reports or pay the gross receipts tax under Article 7062.

Enclosed with this opinion is the correspondence that was attached to your opinion request.

APPROVED JUN 11, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, Chairman

CCR:kd:wb
enc.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Cecil C. Rotsch
Cecil C. Rotsch, Assistant